**UNITED STATES, Appellee,**

v.

**Miguel M. STARR, Airman Basic, U. S. Air Force, Appellant.**

No. 29,852.

U. S. Court of Military Appeals.

Oct. 10, 1975.

*Captain Byron D. Baur* argued the cause for Appellant, Accused. With him on the brief was *Colonel William E. Cordingly.*

*Captain Frederick P. Waite* argued the cause for Appellee, United States. With him on the brief was *Colonel C. F. Bennett.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Appellant was tried and convicted by a general court-martial of two specifications which alleged, respectively, violations of a general regulation by wrongfully possessing and introducing lysergic acid diethylamide (LSD) onto a military installation in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

The facts necessary to an understanding of this case include both trial and appellate events. At trial, the appellant moved to

dismiss the charge and specifications, asserting that he had been granted immunity and had been denied a speedy trial. During his testimony in support thereof, the appellant admitted that he had possessed the contraband on the alleged date and that it had been found in a search of his person. After this motion was denied by the military judge, the appellant later objected to the introduction into evidence of the contraband in question on the basis that it was obtained as the result of an illegal search and seizure. He further maintained that a pretrial confession was a fruit of this search, and that it, too, was not admissible. Testifying on the issue of probable cause,[1] appellant again admitted possessing the contraband drug. Despite the objections, however, both the seized LSD and the confession later were admitted into evidence. Although the record reflects some initial confusion as to the subsequent use on the merits of these judicial admissions of possession made by the appellant, this confusion ultimately was resolved by the military judge when he ruled:

All right . . . we understand each other. The accused did testify and his testimony was only considered as to the evidentiary matter and not on the merits of the case.

Appellant's case was considered twice thereafter on appeal by the US Air Force Court of Military Review. In its original decision, that court determined that the search was illegal, that the appellant's confession was obtained as a direct result of that illegal search, and that both the fruits of the search and the confession were admitted improperly into evidence. The court, accordingly, set aside the findings of guilty as to the introduction offense, but affirmed the possession conviction on the basis that it was supported by appellant's judicial admissions and, further, by the testimony of a defense witness called in support of the motion to suppress. *United States v. Starr*, 49 C.M.R. 508 (A.F.C.M.R. 1974). Adhering to its original decision upon reconsideration, *United States v. Starr*, 50 C.M.R. 544 (A.F.C.M.R.1975), the Court of Military Review employed the following reasoning as justification for reaffirming the findings of guilty as to the charged possession:

(a) That the rule of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), which precludes use on the merits of an accused's testimony given during a suppression hearing, was inapplicable to the facts of this case since the rule bars admissions made only to establish standing to contest the search.

(b) That despite the military judge's declination to consider appellant's judicial admissions on the merits, this evidence continued to constitute part of the "entire record," and thus was properly cognizable by the Court of Military Review under Article 66(c), UCMJ, 10 U.S.C. § 866(c),[2] as a basis to affirm the findings of guilty.

(c) That, notwithstanding either of the foregoing, there existed other competent evidence of record from which the military judge was entitled to find every element of the possession offense beyond a reasonable doubt.

We granted review to consider whether the Court of Military Review erred to the prejudice of this appellant by concluding that it properly could consider appellant's judicial admissions, which were used by the trial court only for a limited purpose, to affirm the finding of guilty as to the possession offense. For the reasons set forth below, we determine that it did. We reverse and dismiss.

---

1. Appellant contested the information which an informant gave to a police officer. *See United States v. Salatino*, 22 U.S.C.M.A. 530, 532, 48 C.M.R. 15, 17 (1973).

2. Article 66(c), UCMJ, provides in pertinent part that a Court of Military Review "may affirm only such findings of guilty . . . as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."

## I

In *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the United States Supreme Court recognized the dilemma often faced by an accused who desired to attack the validity of a search. In addressing the question of whether an accused's admission, made in order to establish standing to contest an unlawful search, could later be considered on the issue of guilt, the Supreme Court observed that such an accused was faced with a Hobson's choice between different provisions of the Bill of Rights: he either must give up what he believed to be a valid Fourth Amendment claim, or he must waive his Fifth Amendment privilege against self-incrimination in order to present that claim. Finding it "intolerable that one constitutional right should have to be surrendered in order to assert another," the Supreme Court held: [3]

> [W]hen a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.

■ While *Simmons* involved a question of standing to object to an illegal search and seizure, it does not appear that application of the proscription enunciated by the court in the above-quoted language must be limited solely to testimony offered in an attempt to establish standing.[4] In any event, we are unable and unwilling to say that appellant, in making the admission in question while testifying in support of his motion to suppress, made it for some purpose other than to establish standing.[5] Hence, his admission made pursuant to that motion was inadmissible on the merits. *Simmons v. United States, supra.* This much is clear.

Although some question may remain as to whether the Supreme Court is willing to extend the *Simmons* rule and rationale to situations in which the right against self-incrimination comes into conflict with a constitutional right protected other than by the Fourth Amendment, specifically, in the case at bar, the Sixth Amendment right to a speedy trial and the Fifth Amendment right to due process of law, *see United States v. Kahan*, 415 U.S. 239, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974), we need not now address this matter in light of remaining facets of this case.

## II

■ Even if the military judge was in error when he declined to consider on the merits either of appellant's judicial admissions contained in his testimony in support of his other motions,[6] the Court of Military Review was not free, nevertheless, to use

---

**3.** 390 U.S. at 394, 88 S.Ct. at 976.

**4.** *See generally United States v. Dye*, 508 F.2d 1226, 1233 (6th Cir. 1974); *United States v. Frazier*, 155 U.S.App.D.C. 135, 476 F.2d 891, 897 (1973); *Pettyjohn v. United States*, 136 U.S.App.D.C. 69, 419 F.2d 651, 653, n. 5 (1969); *Melson v. Sard*, 131 U.S.App.D.C. 102, 402 F.2d 653, 655 (1968); *cf. United States v. Kahan*, 415 U.S. 239, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974).

**5.** Indeed, if that admission were not made with the intent to establish standing, we are perplexed as to what would have been his motive in so testifying. However, in light of *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), in which the court established a rule of automatic standing where the possession of the evidence was an element of the charged offense, it was not mandatory that appellant establish his standing to contest the instant search and seizure. While the question

as to whether the rule announced in *Jones* was rendered unnecessary by *Simmons v. United States, supra*, has been addressed but unanswered by that court, *Brown v. United States*, 411 U.S. 223, 228, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *see United States v. Simmons*, 22 U.S. C.M.A. 288, 291, 46 C.M.R. 288, 291, n. 5 (1973), such rule would appear to remain viable and capable of being invoked to establish standing as a matter of law where an accused has not established it as a matter of fact through his testimony admitting possession.

**6.** Apart from appellant's judicial admission to possession of the contraband made in connection with his motion to suppress, as earlier noted he also made a similar admission during testimony rendered solely in support of his motions pertaining to his claims of grant of immunity and of denial of speedy trial.

those admissions in order to sustain the conviction. In opining to the contrary, that court sought to distinguish *United States v. DeLeon*, 5 U.S.C.M.A. 747, 19 C.M.R. 43 (1955), in which we ruled:[7]

> If the accused is acquitted, the Government, of course, cannot appeal from rulings by the law officer which erroneously exclude material evidence against him. But, if convicted, the accused is entitled to appellate review of erroneous rulings which may have prejudiced his defense. However, the accused's right is not exclusive. To support the conviction, the Government may also properly challenge erroneous rulings by the law officer. *It may do so not for the purpose of obtaining consideration by the appellate tribunal of the excluded evidence,* but for the purpose of showing that other evidence which has been admitted is not illegally tainted. See *United States v. Dandaneau*, 5 U.S.C.M.A. 462, 18 C.M.R. 86.

■ Thus, while an appellate court may consider the propriety of a trial ruling excluding evidence to the extent that the ruling affects other evidence which was not excluded, *DeLeon* clearly instructs that the excluded evidence itself may not be considered on appeal to establish an accused's guilt. *See United States v. Bethea*, 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973). Further, while, as the Court of Military Review correctly noted, the admissions were not totally excluded from evidence but rather were considered for a limited purpose, they clearly were excluded completely from any reference in reaching a determination as to guilt and may not, therefore, be utilized for that purpose on appeal. *United States v. DeLeon, supra.*

### III

■ The Court of Military Review also erroneously determined that the remaining, competent evidence of record—independent of the fruits of the illegal search and the resultant confession incorrectly admitted at trial—was sufficient for the military judge to have convicted appellant of the possession offense. Such misconstrues the "harmless-error" test to be applied to the effect of consideration at trial of constitutionally inadmissible evidence. As we recently held in *United States v. Ward*, 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (C.M.A. 1975):

> [B]efore an error founded solely upon the federal constitution can be held harmless under Article 59(a), the court must be able to declare a belief that it was harmless beyond a reasonable doubt. See *Chapman v. California* [386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)].

■ Applying this test, we cannot say that the admission of the evidence in question at trial was harmless beyond a reasonable doubt. Due to the action of the Court of Military Review in its first opinion, all fruits, both real and testimonial, resulting from the illegal search must be excluded from evidence. Additionally, by our action the appellant's own admissions at trial may not be considered on the merits. Therefore, the only evidence that remains in support of appellant's conviction is the testimony of the informant/witness who testified for the defense in support of the search motion. This airman, who was the individual who furnished the information upon which the search authorization was based, simply indicated that *earlier* in the day he had seen appellant in possession of LSD. Although the time of day of the purported possession is not alleged in the specification, a reading of the record reveals that the case was tried by both sides upon the theory that the possession of concern was that at the time of the search of appellant and his arrest immediately following. The only evidence that remains against appellant as to *any* possession, then, is the informant's testimony regarding an *earlier* one. Hence, there is no evidence of record sufficient to warrant a rehearing on the alleged later possession.

7. *United States v. DeLeon*, 5 U.S.C.M.A. 747, 756–757, 19 C.M.R. 43, 52–53 (1955) (emphasis added).

So much of the decision of the Court of Military Review is reversed which purported to affirm the finding of guilty of specification 1 of the Charge and the sentence, and such finding and sentence are set aside. The Charge and its specification are dismissed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in part and dissenting in part):

I concur with the majority's conclusion that reversible error was committed, but I disagree with its disposition of the case. As the majority acknowledges, there was an eyewitness to the accused's possession of the prohibited drug. That the eyewitness was the person who informed Government officials of accused's possession does not make his testimony unbelievable as a matter of law. The sequence of events is such that, in my opinion, a court-martial can find that the substance possessed by the accused when he was seen by the informant was the same substance found in the search. I would, therefore, remand the record of trial to the convening authority to determine, in his discretion, whether a rehearing is appropriate. *United States v. Schnell*, 23 U.S. C.M.A. 464, 50 C.M.R. 483, 1 M.J. 94 (1975); *cf. United States v. Crow*, 19 U.S.C.M.A. 384, 387, 41 C.M.R. 384, 387 (1970).