**UNITED STATES, Appellee,**

v.

**John J. BOLAND, Specialist Six, U. S. Army, Appellant.**

**No. 29,906.**

U. S. Court of Military Appeals.

Dec. 19, 1975.

Colonel *Victor A. DeFiori*, Lieutenant Colonel *James Kucera*, Captain *J. D. Miller*, and Captain *Sammy S. Knight* were on the pleadings for Appellant, Accused.

Lieutenant Colonel *Donald W. Hansen*, Captain *Larry R. McDowell*, Captain *James R. Anthony*, Captain *Raymond Michael Ripple*, and Captain *Richard S. Kleager* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

At his trial by general court-martial, the appellant was convicted of taking indecent liberties with children under 16 years of age and of striking other children in violation of Articles 134 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 928, respectively. The evidence against him was more than sufficient to prove his complicity in the incidents. However, no affirmative evidence was introduced by the Government as to the age of the victims. As a result, at the close of the Government's case, the defense counsel moved for a reduction in the charges. Trial counsel countered with a motion to reopen the case for the Government in order to introduce evidence of the victims' ages but the military judge denied the motion and ruled that although there was no direct testimony as to age, the court was "free to infer age from the appearance of the witness alone." The conviction was approved by the convening authority and affirmed by the Court of Military Review. This Court granted review to determine if there is sufficient evidence of the essential fact that the victims were under the age of 16.

Civilian courts have divided over the question whether a trial jury can properly determine the age of a person from the mere appearance of the individual in the courtroom when that matter is one of the facts essential to its finding. Most courts have decided the question in favor of allowing the jury to predicate its determination on appearance. This is the rule applied by the Federal courts in the civilian communi-

**242**

ty.[1] Indeed, Professor Wigmore has noted that a contrary rule is "pedantically over-cautious,"[2] and we have no quarrel with the concept or the propriety of its application in a jurisdiction in which the findings of the trial forum are not subject to change on review.

 Military procedure is markedly different in that it provides a unique form of review. It is well settled that both a convening authority and a Court of Military Review are required in their action approving a finding to be independently convinced of an accused's guilt beyond a reasonable doubt.[3] A transcript that provides no clue to the age of a witness, except that which might be inferred from the witness' appearance on the stand, furnishes no basis upon which the convening authority or Court of Military Review can make an informed judgment as to age. *Cf. United States v. Childers,* 31 C.M.R. 747 (A.F.B.R.1962). Many circumstances, such as a description of the person, a reference to the person's grade in elementary school, or the individual's status as a Cub Scout or a Brownie, may provide the factfinders with a proper basis for an inference of age. No such circumstance from which a reviewer may judge the validity of the inference of age appears in the record of the proceedings, except in connection with the special hearing by the trial judge to determine competency, which was withdrawn from the factfinders' consideration. A reviewing authority, however, cannot consider the evidence of the competency hearing to supply a deficiency in the evidence on the merits. *United States v. Starr,* 23 U.S.C.M.A. 584, 50 C.M.R. 849, 1 M.J. 186 (1975). A fact essential to a finding of guilty must appear in the evidence presented on the issue of guilt; it cannot be extracted from evidence presented in other proceedings in the case, although both proceedings are fully record-ed and are a part of the entire record of the case.

 The deficiency in the evidence does not affect the lesser included offenses of indecent liberties with another or assault and battery, which otherwise are sustained by the evidence of record. Consequently, the findings and sentence as affirmed by the Court of Military Review are set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review, which may affirm the lesser offenses and reassess the sentence on the basis of the findings of guilty approved by it.

1. *Cunningham v. United States,* 86 A.2d 918 (D.C.Mun.App.1952); *Lew Git Cheung v. Nagle,* 36 F.2d 452 (9th Cir. 1929).

2. 2 Wigmore, Evidence § 222 (3rd ed. 1940).

3. Articles 64 and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 864 and 866(c); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Moreno,* 6 U.S.C. M.A. 388, 20 C.M.R. 104 (1955), *aff'g after remand,* 5 U.S.C.M.A. 500, 18 C.M.R. 124 (1955).