## UNITED STATES

v.

Sergeant Jorge A. CHAVEZ MALDONA-DO, FR 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 47th Field Maintenance Squadron 12th Flying Training Wing (ATC).

### ACM S24289.

U. S. Air Force Court of Military Review.

Sentence Adjudged 28 July 1975.

Decided 21 Jan. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr.

### DECISION

LeTARTE, Chief Judge:

Contrary to his pleas, the accused was convicted of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for five months and to be reduced in grade to airman basic. The convening authority approved the sentence as adjudged but suspended the execution of the reduction in grade until one month after the period of confinement. The reviewing authority approved the sentence as approved and suspended by the convening authority. The 3320th Retraining Group, Lowry Air Force Base, Colorado, was designated as the place of confinement with a provision for immediate entry into the retraining program.

In a single assignment of error, appellate defense counsel assert that the search of the accused's off-base premises in Del Rio, Texas, was unlawful. Specifically, counsel claim that the search was not based upon probable cause.

On 23 June 1975, Special Agents Offley and Acuna, Office of Special Investigations (OSI), were informed that the accused possessed marihuana in his off-base residence and that the informant had seen marihuana plants growing in the accused's backyard. The agents drove past the accused's house and personally observed growing marihuana plants along the fence line at the rear thereof. Thereafter, Special Agent Offley contacted Detective Ramirez of the Del Rio Police Department and drove him past the accused's house where Ramirez also observed the growing marihuana plants. Later, Ramirez obtained authority to search the accused's premises from Justice of the Peace Cerny after executing the following affidavit:

I, Fred Ramirez, do solemnly swear that heretofore, on or about the 23rd day of June, A.D.1975, in the City of Del Rio, Val Verde County, Texas, one George Chavez, did there unlawfully possess a controlled substance, to wit: marijuana, in a residence being described as a one-story, white house, located at 108 Aduna Street in the City of Del Rio, Val Verde County, Texas, which said residence is possessed, occupied, under the control and charge of George Chavez.

MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

I have been informed of the foregoing facts by a person, who I know to be reliable, credible and trustworthy, who states the following facts: On the 23rd day of June, A.D.1975, the Informant contacted Special Agent Michael K. Offley, and informed him that George Chavez stated to the Informant that he, Chavez, had some marijuana. The Informant said he purchased one lid of marijuana from Chavez on the 22nd day of June, 1975, at the above residence and that he saw marijuana growing in the backyard. The Informant stated that due to past dealings with George Chavez, that he believed that Chavez was keeping marijuana in his home. The aforementioned was related to me, Fred Ramirez, by Special Agent Michael K. Offley. I, Fred Ra-

mirez, went to Chavez's residence located at 108 Aduna Street in Del Rio, Texas; and within the past twenty-four (24) hours, and while at the house, I observed plants growing along the fence at the rear of the residence.

While I do not desire to name this Informant for security reasons, I believe him to be reliable, credible and trustworthy because he has given information in the past to Michael K. Offley which had been corroborated by other informants who have given information to Michael K. Offley on other cases, which had lead [sic] to the arrest, and conviction of narcotic violators.

The Informant stated that George Chavez is a member of the Air Force.

I received the information concerning the above described violation of law from Michael K. Offley on this 23rd day of June, A.D.1975.

Wherefore, Affiant asks for issuance of a warrant that will authorize him to search the above premises, curtilege appurtenant thereto, and any automobiles thereon, for said controlled substance, and seize the same and to arrest each of said above described persons.

After obtaining the search warrant from Judge Cerny, Agents Offley and Acuna and Detective Ramirez searched the accused's house and seized a quantity of marihuana therein. They also seized the marihuana plants from the accused's backyard.

The gist of appellate defense counsel's contention is that the affidavit signed by Detective Ramirez did not provide Judge Cerny with sufficient probable cause to authorize the search of the accused's premises. We disagree.

In *United States v. Lidle*, 21 U.S.C.M.A. 455, 45 C.M.R. 229 (1972), the Court of Military Appeals set forth the law pertaining to issuance of lawful search warrants, as follows:

When information about a possible search comes not from the personal knowledge of the one seeking the authority, the authorizing official must be given

information from which he can determine, first, that the person who originated the information was reliable and, second, some of the underlying circumstances that caused the person to believe the object of the search is where he thinks it is. *United States v. Penman,* 16 U.S.C.M.A. 67, 36 C.M.R. 223 (1966); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The authorizing official cannot rest on an unexplained conclusion of even the person seeking the authority. See *Aguilar v. Texas,* supra; *Nathanson v. United States,* 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). *A fortiori,* the authorizing official must have more than a conclusion of a third party only relayed by the person who sought the authority. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ Applying these rules in the instant case, we find that Judge Cerny was supplied sufficient information to authorize the search of the accused's premises. Although the information was third hand, having been relayed from the informant through Special Agent Offley to the affiant, Detective Ramirez, we are satisfied that the *Aguilar-Spinelli* requirements were met. Certainly, the informant's statement, if reliable, justified a conclusion that the marihuana was located where the informant believed it to be. In addition, although the underlying circumstances for determining the informant's general reliability might have been explained with greater particularity, the credibility of his information was established in this instance by Detective Ramirez' subsequent personal confirmation of that part thereof that marihuana plants were growing in the accused's backyard.[1] The veracity of information supplied by an unknown informant, whose general reliability has not been verified, can be sufficiently determined by a responsible police officer's personal observation of some activity which is consistent with the information but which would otherwise appear harmless. *United States v. Anderson,* 500 F.2d 1311, 1316 (5 Cir. 1974). It follows that much less detailed information is required to establish a confidential informant's reliability when a significant aspect of the informant's report has been so verified.

■ Here, the verified activity was anything but harmless and therefore provided even greater credence to the informant's report. Ramirez' personal observation of the marihuana growing in the accused's backyard was not an insignificant circumstance such as we held to be insufficient to establish the reliability of the informant's report in *United States v. Starr,* 49 C.M.R. 508 (A.F.C.M.R.1974), rev'd on other grounds 23 U.S.C.M.A. 584, 50 C.M.R. 849, 1 M.J. 186 (1975). See also *United States v. Gamboa,* 23 U.S.C.M.A. 83, 48 C.M.R. 591 (1974). On the contrary, the factually confirmed presence of marihuana plants on the accused's premises was an extremely important factor in reinforcement of the informant's credibility. In our opinion, this information, coupled with the assertion that the informant had previously given information which had been confirmed by other sources whose prior information had led to the arrest and conviction of drug violators, clearly justified Judge Cerny's issuance of the search warrant.

For the reasons stated, we find that the military judge did not err in ruling that the search of the accused's house and yard was lawful.

The findings of guilty and the sentence are

Affirmed.

EARLY and FORAY, Judges, concur.

---

1. Actually, Detective Ramirez did not specifically describe the plants as marihuana. Nevertheless, a fair reading of the affidavit justifies a conclusion that Ramirez was referring to "marihuana" plants. Any other conclusion would be illogical, and affidavits for search warrants should be tested and interpreted in a common-sense and realistic fashion, rather than technically. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Guerette,* 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975).