**UNITED STATES, Appellee,**

v.

**Anthony NARGI, Private, U. S. Army, Appellant.**

No. 31,964.
SPCM 11021.

U. S. Court of Military Appeals.

Feb. 1, 1977.

*Captain Derryl W. Peden* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock,* and *Captain John C. Carr.*

*Captain Laurence M. Huffman* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Gary F. Thorne.*

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted of larceny, forgery, and uttering a forged instrument in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923, respectively. He was sentenced to a bad-conduct discharge, forfeiture of $200 per month for 1 month, confinement at hard labor for 1 month, and reduction to the grade of Private E–1. The convening authority approved the findings and sentence as did the Army Court of Military Review. We granted review to examine the propriety of the ruling of the trial judge in admitting into evidence, over defense objection, the pretrial statement given by the appellant to the CID. The defense urges that this statement was inadmissible under the doctrine of fruit of the poisonous tree [1] as the government failed to demonstrate that the taint of an earlier illegal interrogation [2] had been overcome. *United States v. Seay,* 1 M.J. 201 (1975). We agree.

The pertinent facts are that Technical Sergeant Kinder, the victim of the larceny and forgery, discovered on the afternoon of July 23, 1974, that a check made payable to the appellant had been drawn on his account. He realized immediately that the signature on the check was not his, and also that the check (number 249) was out of sequence with the other checks he had written during the period included in his bank statement. Examination of his checkbook revealed that check 249 had been removed from the back of the register at some undisclosed time prior to July 23. Later the same day, Technical Sergeant Kinder reported for his regular group counseling session at the Dix House, a drug and alcohol abuse center.[3] He apparently conferred with his counselor, Staff Sergeant Lewis, prior to the group's meeting because the counselor had the check in question in his possession at the outset of the session. Each member of the group was asked to begin the session by describing his day and relating to the others the problems he had encountered and how he had attempted to cope with them.[4] Technical Sergeant Kinder stated that his day had not gone well, and he referred to the check problem. Whereupon Staff Sergeant Lewis held up

1. *See United States v. Hundley,* 21 U.S.C.M.A. 320, 45 C.M.R. 94 (1972); *Darwin v. Connecticut,* 391 U.S. 346, 88 S.Ct. 1488, 20 L.Ed.2d 620 (1968).

2. As detailed in later portions of this opinion, the trial judge excluded statements made by the accused to a drug counselor less than 2 hours prior to his statement to the CID because of a failure of the counselor to give Article 31, 10 U.S.C. § 831, warnings.

3. The Dix House, although located at Fort Dix, New Jersey, an Army installation, offered its treatment program to members of all services. The five-man group sessions were led by counselors and were conducted 5 days a week at 1900 hours. Each member of the group resided at the Dix House. The counselors were not physicians or psychologists, but instead were NCOs who had received counseling training through the Army. These counselors were not assigned to either the CID or the military police, and were not part of the chain of command for the residents as each resident was assigned to a particular military unit based upon his rank and job description.

4. It is unclear from the record whether this particular procedure was normal therapy for these sessions, or was designed specifically for this particular session. The trial judge found it unnecessary to pursue the matter or make a specific finding on the question.

the check and asked, "Is this the one," the appellant immediately stated, "I wrote the check" and proceeded to explain the theft, forgery, and subsequent cashing of the check.

After the counseling session, Technical Sergeant Kinder went to the CID to file a complaint, and he gave a statement relating to the matters which had developed during the session. Warrant Officer Wilson, the CID agent, testified that he took this statement at 2145 hours, and subsequently that evening interviewed, in turn, the appellant and Staff Sergeant Lewis. The appellant, after being advised fully of his rights under Article 31/*Tempia*,[5] signed the rights waiver form and gave a full confession. Warrant Officer Wilson testified that he informed Private Nargi of the matters that Sergeant Kinder had related and stated that he told the appellant to disregard or forget what had occurred at the counseling session as he did not want to take that into consideration in his present questioning. Private Nargi executed a statement incriminating himself and his cohort, Sergeant Bishop, which generally tracked the matters he divulged during the counseling session.

During the motion to suppress, the defense initially objected to the introduction of any testimony by Technical Sergeant Kinder or other evidence of what transpired at the counseling session. The military judge stated:

> All right, the ruling for the moment is that Sergeant Lewis, the counseling leader, appeared to be conducting an investigation as to whether or not a member of the counseling session, namely, Anthony Nargi, did in fact have any connection with this improper encashment of a check that Sergeant Kinder had brought out in the counseling session, so I am going to sustain the objection . . . . It does appear that Sergeant Lewis was conducting perhaps an investigation. . . .

The military judge ultimately concluded that Sergeant Lewis, "a person in authority," was conducting an investigation, and that he was, therefore, obligated to give the appellant his Article 31 warnings. Further testimony by Technical Sergeant Kinder that he suspected the appellant, but could not be sure whether Staff Sergeant Lewis did also, and the subsequent testimony of Warrant Officer Wilson did not change the trial judge's initial ruling. The trial judge did, however, deny all defense objections to the introduction of the statement taken by Warrant Officer Wilson less than 2 hours after the close of the session.

Government counsel before the Court have argued that the trial judge's initial ruling was in error. They urge us to examine the record and adopt their conclusion that the appellant's statements during the counseling session were spontaneous utterances which do not fall within the ambit of Article 31. *United States v. Ballard*, 17 U.S.C.M.A. 96, 37 C.M.R. 360 (1967). Under the facts of this record, and the specific findings of the trial judge, we cannot agree. It is correct, as the Government urges, that "an appellate court may consider the propriety of a trial ruling excluding evidence to the extent that the ruling affects other evidence which was not excluded . . ." *United States v. Starr*, 23 U.S.C.M.A. 584, 587, 50 C.M.R. 849, 852, 1 M.J. 186, 189 (1975).[6] However, as determined by the Court recently in *United States v. Lowry*, 2 M.J. 55 (1976), our review is limited by Article 67(d)[7] to questions of law, not fact; questions of credibility, or assertions that the factual basis for a ruling should be reinterpreted are not reviewable by the Court. In this case, the trial judge chose to resolve certain factual discrepancies in favor of the appellant, and determined that Staff Sergeant Lewis was conducting an investigation which had fo-

---

5. Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831; *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

6. *See also United States v. Seay*, 1 M.J. 201 (1975); *United States v. DeLeon*, 5 U.S. C.M.A. 747, 19 C.M.R. 43 (1955).

7. Article 67(d), UCMJ, 10 U.S.C. § 867(d).

cused on Private Nargi as a suspect, thereby requiring Article 31 warnings. Although the Government's contention that these statements were actually spontaneous utterances has appeal as a plausible interpretation of the testimony presented, we cannot determine that the trial judge's conclusions were erroneous "as a matter of law," and overturn those findings at this level.

Having concluded that the record supports the trial judge's ruling that all testimony or evidence divulged during the counseling session was inadmissible, we must examine the propriety of the second ruling admitting into evidence the appellant's statement to the CID. Applying our standard, as enunciated in *United States v. Seay, supra,* we conclude that the Government has failed in its burden of demonstrating that the taint from the earlier illegal interrogation has been overcome, and that, therefore, the judge erred. Clearly the two statements are closely related in time, and the only reason that the appellant was interrogated by the CID was because of the matters he divulged in his first statement during the counseling session. There is no evidence that Private Nargi ever acknowledged that this prior admission did not influence his decision to again incriminate himself, and, in fact, Warrant Officer Wilson reminded him of this earlier admission immediately prior to taking the second statement. The agent's comment to the appellant that he did not want to use this earlier admission during the ongoing interrogation falls far short of properly informing the appellant that his first admission could not be used against him, and that he should not feel compelled to speak as a result of having already "let the cat out of the bag by confessing." *United States v. Bayer,* 331 U.S. 532, 540, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654 (1947).[8] The conclusion is inescapable that these two statements were so interrelated that exclusion of the first compels exclusion of the second. *United States v. Seay, supra; Clewis v. Texas,* 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967). Reversal is required. *United States v. Dohle,* 1 M.J. 223 (1975).

The decision of the United States Army Court of Military Review is reversed. The record is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge PERRY concurs.

Judge COOK did not participate in the decision of this case.

---

8. *See United States v. Seay, supra* at 204 n. 6.