**UNITED STATES, Appellee,**

v.

**Specialist Four Nelson R. ESTRELLA, 584–98–7544, United States Army, Appellant.**

**CM 446850.**

U.S. Army Court of Military Review.

27 Jan. 1986.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, Captain Peter D.P. Vint, JAGC (on brief), for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Major Byron J. Braun, JAGC, Captain John D. Shaw, JAGC, USAR (on brief), for appellee.

Before COMEAU, WATKINS, and LYMBURNER, Appellate Military Judges.

## OPINION OF THE COURT

COMEAU, Senior Judge:

Contrary to his pleas and while in absentia,[1] appellant was convicted by a general court-martial with enlisted members of the consolidated charge of committing an indecent act upon and taking indecent liberties with a female, not his wife, under the age of 16 years, in violation of Article 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 934 (1982).

At the direction of the Court, counsel have briefed the following issue:

WHETHER THE RECORD CONTAINS SUFFICIENT EVIDENCE TO SUPPORT THE FINDINGS OF GUILTY WITH REGARD TO THE VICTIM'S AGE AND MARITAL STATUS. *SEE UNITED STATES V. BOLAND*, 1 M.J. 241 (C.M.A.1975).

## I. APPELLATE STANDARD

■ Our concern was based on the unique requirement in military appellate practice that this Court be convinced independently of an accused's guilt beyond a reasonable doubt. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c). Our determination must be based on the transcript before us, and not on the court members' inference of the victim's age from her physical appearance on the witness stand. Moreover, we must derive the facts essential to our conclusion from the evidence presented on the merits below and may not rely upon the trial defense counsel's repeated specific statements, in voir dire examination and in closing argument, that the victim was 6 years old. *United States v. Boland*, 1 M.J. at 242. *Cf. United States v. Childers*, 31 C.M.R. 747 (A.F.B.R.1962).

## II. AGE OF VICTIM

■ We note that the victim and both of her parents testified on the merits but were not asked the age of the victim. Accordingly, we will examine the evidence to determine if this element of proof was properly established. We find several portions of the testimony which, taken together, provide a proper basis for an inference of the victim's age. The victim acknowledged that the appellant had "a little girl about [the victim's] age." She testified that she was told to watch cartoons on television with that little girl. When appellant "fooled with the TV" she went to her friend's room and started playing with toys, then watched cartoons on another television. After the appellant tickled and fondled her, she left him and started playing with a little car. Although her testimony showed some awareness of the impropriety of appellant's fondling and subsequent indecent exposure, her responses to questions were brief, uncomplicated, and characteristic of an alert child of primary school age. Her behavior on the witness stand (crouching in the chair and covering her face), which required frequent correction by counsel, was also consistent with the confusion and embarrassment expected of such a child in that setting. The victim's mother acknowledged that the victim was "the same little girl who just testified." The victim's father responded to a question about being protective of this "little blond haired girl," and to the difficulty of her testifying "at the age she is, [going] through such a terrible ordeal not knowing ... why she is carrying through with this." He also described the victim's report that the exposure incident arose when she was

1. After motions were argued and pleas were entered, the military judge set a date for trial before the members. He warned appellant that his voluntary absence would not prevent completion of the trial. RCM 804(b)(1). The appellant was absent on the established trial date. After appropriate inquiry into the circumstances of the appellant's absence, the military judge properly denied a defense motion for continuance and the trial proceeded without appellant. The record before this Court contains no further information of the appellant's whereabouts.

sitting on a Honker Car in appellant's daughter's bedroom. While each of these circumstances alone may not be dispositive, all of them taken together provide ample basis for our independent conclusion that the victim was under the age of 16 years, and they effectively rule out the possibility that she was a retarded or immature female whose physical age was 16 years or more.

### III. MARITAL STATUS OF VICTIM

We have even less difficulty in finding beyond a reasonable doubt that the victim was not the spouse of the appellant. While a difference in names no longer has particular significance in our society, the evidence on the merits shows that the victim lived at home with her parents. The victim also testified that she saw and recognized appellant's wife outside the courtroom.

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LYMBURNER concur.