**UNITED STATES, Appellee,**

v.

**Private First Class Steven L. BIVENS, SSN 555–13–6097, United States Army, Appellant.**

**SPCM 13716.**

U. S. Army Court of Military Review.

29 March 1979.

---

Major Benjamin A. Sims, JAGC, Captain Willard E. Nyman, III, JAGC, and Captain Richard E. Connell, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Stephen P. Henderson, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

### . OPINION OF THE COURT

MITCHELL, Senior Judge:

On appeal the accused claims the court below lacked jurisdiction to try him for larceny and arson[1] as there was no proof that the alleged offenses occurred on a military reservation.[2]

At trial none of the witnesses were asked if the alleged offenses involving the motorcycle occurred on Fort Lewis or specifically on any military reservation. The recurring references to the situs of the crimes were couched in generic terms notorious to military men. Witnesses assigned to appellant's unit barracks testified that they saw the motorcycle parked "in the unit area between Billets 9–Echo 6 and 9–Echo 7, outside the Headquarters Barracks"; at approximately 0300 hours the owner "was told that it [his motorcycle] was burning up, at which time, [he] came out of the barracks and found it outside the supply room 9–Echo 8, near the company parking lot." The accused was observed in the early morning hours of 7 October "[o]ut behind 9–Echo 7" with Thompson, another soldier, carrying a motorcycle.

Appellant testified in his behalf. He described his actions after moving the motorcycle: ". . . then I looked around for a minute, and then I ran off—or Thompson took off around the back—the supply annex, you know, cause his headquarters building is on that side, and I went around the front, and went around the back of the orderly room, and went back over to the barracks, sir."

In drafting the charges the Government clearly complied with the mandate of *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977), that the sworn charges affirmatively demonstrate the jurisdictional basis for the trial of appellant and his offenses. The charges allege that appellant, at Fort Lewis, Washington, stole and willfully and maliciously set fire to the motorcycle of another service member. Clearly, there was no factual dispute in the trial below regarding either the allegations or proof of military subject matter jurisdiction. Because there was no factual dispute at trial the issue of subject matter jurisdiction was an interlocutory one to be decided initially by the trial judge by a preponderance of the evidence. *United States v. Jessie*, 5 M.J. 573, 575

---

1. He was convicted of stealing candy from a coin operated vending machine and stealing and maliciously burning a motorcycle in violation of Articles 121 and 126, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 926. His approved sentence provides for a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $279.00 pay per month for three months, and reduction to the grade of Private E–1.

2. The sworn charges allege that the offenses were committed at Fort Lewis, Washington.

(A.C.M.R.1978), *pet. denied,* 5 M.J. 300 (C.M.A.1978).

■ Although no witness specifically testified that the relevant military buildings and parking lots were located on Fort Lewis, Washington, each witness who described what had happened near his barracks was identified as a member of appellant's unit: Company B, 2d Battalion, 47th Infantry, which was reflected in the charges as being a component of the 3d Brigade, 9th Infantry Division, located at Fort Lewis, Washington.

The unit identity of the witnesses and their verbal identification of the nearby installation appurtenances clearly, in our view, indicate that what they saw and heard took place on the military reservation of Fort Lewis, Washington. Accordingly, we find service connection.[3]

The findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge FELDER concur.

---

**3.** *Relford v. Commandant,* 401 U.S. 355, 369, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *United States v. Hedlund,* 2 M.J. 11, 14 (C.M.A.1976); *United States v. Moore,* 1 M.J. 448, 450 (C.M.A.1976). *See also United States v. Mitchell,* 2 M.J. 1020 (A.C.M.R.1976), *pet. denied* 3 M.J. 105 (C.M.A.1977), *pet. for reconsideration denied* 3 M.J. 183 (C.M.A.1977).