UNITED STATES, Appellee,

v.

Milton N. ROLLINS, Private, U. S.
Army, Appellant.

No. 36,128.

CM 436827.

United States Court of Military Appeals.

June 18, 1979.

For Appellant—*Captain Grifton E. Cardin* (argued); *Major Benjamin A. Sims* (on brief); *Captain Larry D. Anderson.*

For Appellee—*Captain Glen D. Lause* (argued); *Lieutenant Colonel R. R. Boller, Captain Douglas P. Franklin* (on brief); *Colonel Thomas H. Davis.*

Opinion of the Court

COOK, Judge:

Accused challenges the validity of his conviction for aggravated assault, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928, on the ground the record of trial contains "no proof that the incident occurred on a military reservation." On reviewing the record, we conclude the evidence justifies the finding at trial that the offense was committed within the geographical limits of Fort Campbell, Kentucky, and, therefore, the offense was properly triable by court-martial.

At trial, the judge took judicial notice that Fort Campbell was "under exclusive military control." Direct evidence that the assault took place within the boundaries of Fort Campbell appears in the testimony of a defense witness at an Article 39(a), 10 U.S.C. § 839(a) hearing held by the judge on a defense motion to suppress evidence of pretrial lineup identification of the accused by the victim. That testimony is set out in the footnote.[1] However, the ac-

---

1. DC: I repeat the question, Specialist Williams. Were you here at Fort Campbell on the 19th of September?
A. Yes, sir.

. . . . .

Q. Did you have occasion to see Private Hopkins [the victim] on the evening of the 19th of September?
A. Yes, sir.
Q. About what time was this?
A. About ten to ten, sir.
Q. About ten to ten?
A. Yes.
Q. Here?
A. Yes.
Q. Where was this that you saw him?
A. On 42d—the corner of 42d and Kansas.
Q. Did you have occasion to see Private Hopkins attacked by some individuals?
A. Yes, sir.

cused contends that only evidence presented to the court members, as the triers of the facts, can be considered, and the evidence before them is insufficient to support a finding that the offense occurred within Fort Campbell. The argument rests on the sequential joinder of two procedural concepts. The first is that facts supportive of subject-matter jurisdiction must be alleged and proven by "evidence of record." *United States v. Alef,* 3 M.J. 414, 416, 419 (C.M.A.1977); the second is that expressed in the following extract from *United States v. Boland,* 1 M.J. 241, 242 (C.M.A.1975):

> A fact essential to a finding of guilty must appear in the evidence presented on the issue of guilt; it cannot be extracted from evidence presented in other proceedings in the case, although both proceedings are fully recorded and are a part of the entire record of the case.

■ Implicit in accused's contention is an assumption that at a trial before a court-martial constituted with members, the members, as triers of the facts, not the trial judge, decide whether an offense, in violation of the Uniform Code, is constitutionally triable by court-martial under the criteria propounded by the United States Supreme Court in *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). *Alef* does not so hold; and a contrary conclusion is inherent in the many cases we remanded for a limited hearing before a trial judge alone to determine whether the offense charged was triable by court-martial. *See* Memorandum Orders of Remand, 4 M.J. 83–89 (C.M.A.1977). In any event, the following matters, which were presented to the court members, and the reasonable inferences therefrom, fully support the court members' finding, required by the instructions they received, that the offense was committed "[a]t Fort Campbell, Kentucky, on or about 2150 hours 19 September 1977"·

1. The victim testified he was in one of a bank of six telephone booths on the night of September 19. The booths were located at "the corner of 42nd and Kansas." Suddenly, while talking to his parents, he was assaulted, dragged from the booth and beaten. Referring to the lighting at the scene, he stated that illumination was provided, in part, by a street light "by the DIVARTY parking lot." We have no doubt that the court members knew that "DIVARTY" is a standard military abbreviation for Division Artillery. *See United States v. Jones,* 2 U.S.C.M.A. 80, 87, 6 C.M.R. 80, 87 (1952); *United States v. Bivens,* 7 M.J. 531 (A.C.M.R.1979).

2. A witness, who was in another of the telephone booths at the corner of 42nd and Kansas, testified that the victim was pulled from the booth he occupied and dragged to "a clearing in the PX area." Again, we are certain that the court members understood the reference "PX," which is commonly and widely used in the Army, meant the Post Exchange. *United States v. Jones, supra.*

3. The witness described physical characteristics of one of the persons who assaulted the victim. Those matched the characteristics of the accused. Additionally, the witness testified that this person wore a red sweater and a blue jean cap. Testifying in his own defense, the accused maintained that, on the night of the offense, he was in his barracks at Fort Campbell from 7:30 p. m. until the following morning. Under questioning by trial counsel, he stated he had never owned or borrowed a red sweater, and he *"never wore one here at Fort Campbell."* [Emphasis supplied.]

The decision of the United States Army Court of Military Review is affirmed.

PERRY, J., concurs.

FLETCHER, Chief Judge (concurring):

I agree that matters susceptible to judicial notice [1] fall within the exclusive province of the trial judge. The judge has the obligation to state in an instruction to the jury the matters he has taken judicial notice of, stating in that instruction that they should consider this matter as fact without any further evidence being introduced as to that particular fact.

1. Para. 147a, Manual for Courts-Martial, United States, 1969 (Revised edition).