**UNITED STATES, Appellee**

v.

**Private E2 Timothy R. HALL, 132–64–6112, United States Army, Appellant.**

**ARMY 9500449.**

U.S. Army Court of Criminal Appeals.

10 Jan. 1997.

For Appellant: Captain John M. Head, JA (argued); Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters, JA (on brief); Major J. Frank Burnette, JA; Captain Walter R. Dukes, JA (on brief); Major Leslie A. Nepper, JA.

For Appellee: Captain Joanne P. Tetreault, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA (on brief); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Anthony P. Nicastro, JA; Captain Nancy A. Nollmann, JA (on brief).

Before EDWARDS, KAPLAN, and CARROLL, Appellate Military Judges.

OPINION OF THE COURT.

CARROLL, Judge:

A military judge, sitting as a general court-martial, convicted the appellant of

wrongful use of marijuana (two specifications) in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. The appellant pleaded guilty to one of the specifications but not guilty to the other. The military judge sentenced the appellant to a bad-conduct discharge, confinement for forty-five days, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that the military judge erred in failing to suppress appellant's entire statement because that statement was derived from an illegal search and seizure. We find that the statement was admissible and affirm.

## FACTS

The appellant's legal problems arose after a staff duty noncommissioned officer smelled burning marijuana coming from his barracks room. He warned the appellant to dispose of the contraband, but he also reported the possible presence of the drug to First Lieutenant (1LT) Murrill, the company executive officer and the senior officer present. Lieutenant Murrill was also the acting commander at the time. Lieutenant Murrill, accompanied by a military policeman and the noncommissioned officer, went to the appellant's room to investigate the matter. Lieutenant Murrill asked the appellant if he had drugs in the room. The appellant denied having or using drugs. The military policeman verified the odor of burning marijuana. Lieutenant Murrill telephonically briefed Captain (CPT) Johnson, the company commander, who was on leave in the area. Captain Johnson told 1LT Murrill to have the appellant's room searched. The search revealed marijuana. The military policeman then escorted the appellant to the Criminal Investigation Command (CID) office, where a CID agent questioned the appellant about the seized marijuana and his use of marijuana. In the course of the interview the agent asked, "Have you ever used marijuana since your enlistment in the Army?" The appellant responded that he had smoked marijuana the previous March.

At trial the military judge found that 1LT Murrill's involvement in the investigation disqualified not only him but also CPT Johnson, in whose place 1LT Murrill stood, from authorizing the search. Accordingly, the military judge found that the search and seizure had been illegal, and he granted the defense motion to suppress much of the appellant's confession. He ruled, however, that the portion relating to the appellant's past use of marijuana was not tainted by the search.

## DISCUSSION

When an appellant asks that evidence be suppressed because it was tainted by an illegal act by the government, the threshold question for this court is whether the underlying act was indeed illegal. *United States v. Starr*, 1 M.J. 186 (C.M.A.1975); *United States v. DeLeon*, 5 U.S.C.M.A. 747, 19 C.M.R. 43, 1955 WL 3399 (1955); *United States v. Dandaneau*, 5 U.S.C.M.A. 462, 18 C.M.R. 86, 1955 WL 3288 (1955); *United States v. Morris*, 44 M.J. 841 (Army Ct.Crim. App.1996); *United States v. Jones*, 19 M.J. 961 (A.C.M.R.1985), *aff'd*, 26 M.J. 353 (C.M.A.1988); *United States v. Davis*, 6 M.J. 874 (A.C.M.R.1979), *pet. denied*, 8 M.J. 234 (C.M.A.1980); *see also United States v. Nargi*, 2 M.J. 96 (C.M.A.1977).

The appellant asserts that the establishment in 1984 of the government's right to appeal certain adverse rulings under Article 62, UCMJ, precludes this court from reviewing such a ruling, notwithstanding its responsibilities pursuant to Article 66(c), UCMJ. Specifically, the appellant asserts that the court no longer has the authority to go behind the judge's determination that the underlying search was illegal when it addresses the issue of tainted evidence. The appellant accurately notes that the seminal cases predate the availability of government appeals. He argues that our superior court, in one of its earliest cases addressing this issue, relied on the fact that the government could not appeal adverse suppression rulings. *DeLeon*, 19 C.M.R. at 52. We disagree with the appellant's position. His argument ignores the fact that this court's review of the judge's ruling, as was the case in *DeLeon*, is not for the purpose of obtaining consideration of the

excluded evidence, but for the purpose of determining whether other evidence which was admitted had been illegally tainted. Therefore, we reject the appellant's assertion that the right of the government to appeal adverse rulings under Article 62, UCMJ, has this impact on this court's separate mandate under Article 66(c), UCMJ.

Upon reviewing the evidence de novo, we disagree with the military judge's holding that the search was illegal. *See United States v. Cole*, 31 M.J. 270 (C.M.A.1990).

 We find, as did the military judge, that a commander may resume his command authority at his discretion, even for a short period of time. Captain Johnson resumed command when 1LT Murrill called to brief him about the circumstances supporting his belief that the appellant had marijuana in his barracks room, and CPT Johnson authorized the search. The record reveals no evidence that CPT Johnson lacked impartiality when he authorized the search. We find no basis for imputing the actions which may have compromised 1LT Murrill's impartiality to CPT Johnson. We find that CPT Johnson impartially exercised proper authority in authorizing the search and that the search and seizure were legal. Military Rule of Evidence 313. Consequently, there was no taint to the appellant's statement, and the portion of the statement that the trial court allowed into evidence was admissible.

We have considered the remaining error raised by the appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge EDWARDS and Judge KAPLAN concur.