UNITED STATES, Appellee,

v.

Timothy R. HALL, Private,
U.S. Army, Appellant.

No. 97–0731.
Crim.App. No. 9500449.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 3, 1998.

Decided May 5, 1999.

Effron, J., filed opinion concurring in part and in the result.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN and GIERKE, JJ., joined. EFFRON, J., filed an opinion concurring in part and in the result.

For Appellant: *Captain Thomas Jay Barrett* (argued); *Colonel John T. Phelps, II,* and *Major Leslie A. Nepper* (on brief); *Lieutenant Colonel Michael L. Walters* and *Captain John M. Head.*

For Appellee: *Captain Kelly R. Bailey* (argued); *Colonel Russell S. Estey, Lieutenant Colonel Eugene R. Milhizer,* and *Cap-*

*tain Mary E. Braisted* (on brief); *Colonel Joseph E. Ross, Lieutenant Colonel Frederic L. Borch, Captain Elizabeth N. Porras,* and *Captain Robert F. Resnick.*

Judge CRAWFORD delivered the opinion of the Court.

Based on mixed pleas, appellant was convicted by a military judge alone of two specifications of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The convening authority approved the sentence of a bad-conduct discharge, 45 days' confinement, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 45 MJ 546 (1997). We granted review of the following issues:

I. WHETHER THE ARMY COURT OF CRIMINAL APPEALS EXCEEDED ITS JURISDICTION UNDER ARTICLE 66, UCMJ, WHEN IT CONSIDERED AND REVERSED THE MILITARY JUDGE'S RULING SUPPRESSING THE EVIDENCE SEIZED FROM APPELLANT'S ROOM.

II. WHETHER THE GOVERNMENT WAIVED CONSIDERATION OF THE PROPRIETY OF THE MILITARY JUDGE'S RULING SUPPRESSING THE EVIDENCE SEIZED FROM APPELLANT'S ROOM BY FAILING TO MAKE A TIMELY ARTICLE 62, UCMJ, APPEAL.

III. WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED BY FAILING TO FOLLOW THE "LAW OF THE CASE" DOCTRINE WHEN IT REVERSED THE MILITARY JUDGE'S RULING SUPPRESSING THE EVIDENCE SEIZED FROM APPELLANT'S ROOM.

IV. WHETHER THE CONGRESS' ENACTMENT OF ARTICLE 62, UCMJ, OVERRULES *UNITED STATES V. DELEON*, 5 USCMA 747, 19 CMR 43 (1955), AND *UNITED STATES V. NARGI*, 2 MJ 96 (CMA 1977), AND THEIR PROGENY.

V. WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED WHEN IT HELD THAT THE MILITARY JUDGE ERRED IN RULING THAT THE SEARCH OF APPELLANT'S BARRACKS ROOM WAS ILLEGAL.

We also specified the following issue:

WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO GRANT APPELLANT'S MOTION TO SUPPRESS HIS CONFESSION FOR LACK OF ADEQUATE CORROBORATION AS REQUIRED BY MIL.R.EVID. 304(g). *SEE UNITED STATES V. DUVALL,* 47 MJ 189 (1997).

We rule against the appellant as to all issues.

FACTS

On July 29, 1994, while the staff duty noncommissioned officer, Staff Sergeant (SSG) Roy C. Miller, was checking the barracks, he smelled what he "knew" to be marijuana coming from appellant's room. He knocked on appellant's door. When appellant opened the door, the smell of marijuana became much "stronger." SSG Miller told appellant to get the marijuana out of the barracks. Appellant replied, "Roger, Sergeant."

Upon returning to his office, SSG Miller called First Lieutenant (1LT) Terence L. Murrill, the executive officer and the acting company commander, who told him to call the military police and wait for him. Based on SSG Miller's report, 1LT Murrill, along with a military policeman (MP) and SSG Miller, went to appellant's room to confirm the smell of marijuana. After 1LT Murrill and the MP entered the room, the MP, based on his prior experience, verified the odor of burning marijuana. Then the two of them, on a set signal, left the room.

SSG Miller waited outside to "freeze the room" and detain anyone who tried to leave. While waiting for 1LT Murrill to return, SSG Miller "heard a noise in the room" which sounded like a locker door being opened. He saw appellant "with a green backpack in his hands, moving across the room." SSG Miller told appellant "to stop" and to put the backpack on the ground.

Meanwhile, 1LT Murrill telephoned Captain (CPT) David S. Johnson, the company commander, who was on leave in the area. CPT Johnson "authorized" 1LT Murrill to have appellant's room searched. Based on this authorization, which was relayed to the MP and SSG Miller, all three reentered appellant's room. The MP searched the backpack and found a coffee bag containing what was later determined to be marijuana.

Subsequent to the search, appellant was escorted to the Criminal Investigation Command Office where he waived his rights and confessed to use of marijuana in March 1994.

The judge found that when 1LT Murrill went into the room to verify what SSG Miller had said he had smelled, 1LT Murrill "lost" his "objectivity and stepped into the middle of the investigation." Thus, according to the military judge, 1LT Murrill lost his neutrality. The judge then found that obtaining the authorization from Captain Johnson "did not cure the taint caused by Lieutenant Murrill's initial investigatory action." The judge continued:

Captain Johnson was the same level commander as the Acting Commander and of the same company. He based his authorization on information which was tainted by the actions of the Acting Commander. Therefore, the court is unable to find the basis to cure the actions by Lieutenant Murrill other than seeking a truly objective and neutral magistrate. Based on the relationship between Captain Johnson and Lieutenant Murrill and the fact that at the time of the initial taint, Lieutenant Murrill was the Acting Company Commander, Captain Johnson's later actions, even if deemed to be an authorization as the commander, must also carry with them the original taint.

The military judge suppressed the evidence seized relating to two specifications of the original charge, as well as part of the confession. However, the military judge found that the portion of appellant's confession as to past use of marijuana in March 1994 was not tainted by the search.

The Court of Criminal Appeals examined the underlying issue of the illegality of the search and held that the initial search was legal and that it did not taint any subsequent confession. The court stated:

We find, as did the military judge, that a commander may resume his command authority at his discretion, even for a short period of time. Captain Johnson resumed command when 1LT Murrill called to brief him about the circumstances supporting his belief that the appellant had marijuana in his barracks room, and CPT Johnson authorized the search. The record reveals no evidence that CPT Johnson lacked impartiality when he authorized the search. We find no basis for imputing the actions which may have compromised 1LT Murrill's impartiality to CPT Johnson. We find that CPT Johnson impartially exercised proper authority in authorizing the search and that the search and seizure were legal. Military Rule of Evidence 313.

45 MJ at 548.

## DISCUSSION

■ Issues I thru IV have been overtaken by events based on *United States v. Morris,* 49 MJ 227 (1998). In *Morris,* this Court held it was proper for the court below to examine the underlying issue and determine that the charges and the testimony of a co-conspirator were not tainted.

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment has a warrant requirement and a reasonableness requirement.

"Probable cause to search exists when there is a reasonable belief that the ... evidence sought is located in the place or on the person to be search[ed]." Mil.R.Evid. 315(f)(2), Manual for Courts Martial, United

States (1995 ed.).* "Probable cause to apprehend," arrest in civilian parlance, "exists when there are reasonable grounds to believe that an offense has been or is being committed" by "the person to be apprehended." RCM 302(c), Manual, *supra.**

There is a key difference between probable cause to search and probable cause to apprehend that concerns the timeliness of the given information. Probable cause to search must be based on timely information with a nexus to the place to be searched; whereas probable cause to apprehend does not grow stale with time, absent the subsequent discovery of exculpatory information that would undermine the prior existing probable cause. *United States v. Lopez*, 35 MJ 35, 38–39 (CMA 1992).

The standard to apply in determining whether there is probable cause in both instances is a totality-of-the-circumstances test. *United States v. Hester*, 47 MJ 461, 463 (1998).

SSG Miller smelled marijuana coming from appellant's room on the day of the entry. His familiarization with the smell of marijuana, as well as the fact that he was a noncommissioned officer upon whom the commander could rely, were sufficient to establish probable cause. *United States v. Layne*, 29 MJ 48, 50 (CMA 1989). Additionally, the inference from appellant's statement, "Roger, Sergeant," when told to get rid of the marijuana, is a second factor that satisfies the "basis of knowledge" (47 MJ at 463) test. *See United States v. Johnson*, 23 MJ 209 (CMA 1987). The totality of these circumstances, *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), established reasonable grounds to believe that an offense was being committed in appellant's room by the room's occupants. Consequently, SSG Miller had probable cause to apprehend and detain the room's occupants.

■ *Maintaining the Status Quo.* 1LT Murrill told SSG Miller not to let anyone leave the room, 50 MJ at 248; thus there was

a lawful external impoundment of the room consistent with Supreme Court precedent.

In *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), five Justices used the following broad language explicitly approving external impoundment of premises:

> Had police never entered the apartment, but instead conducted a perimeter stakeout to prevent anyone from entering the apartment and destroying evidence, the contraband now challenged would have been discovered and seized precisely as it was here.

*Id.* at 814, 104 S.Ct. 3380. Justice Stevens acknowledged:

> Since these premises were impounded "from the inside," I assume impoundment would be permissible even absent exigent circumstances when it occurs "from the outside"—when the authorities merely seal off premises pending the issuance of a warrant but do not enter.

*Id.* at 824 n. 15, 104 S.Ct. 3380 (dissenting).

Likewise in *Segura*, the same five-justice majority approved of internal impoundment.

> [W]here officers, having probable cause, enter premises, and with probable cause, arrest the occupants who have legitimate possessory interests in its contents and take them into custody and, for no more than the period here involved [nineteen hours], secure the premises from within to preserve the status quo while others, in good faith, are in the process of obtaining a warrant, they do not violate the Fourth Amendment[ ]. . . .

*Id.* at 798, 104 S.Ct. 3380.

Chief Justice Burger and Justice O'Connor agreed that "when officers have probable cause to believe that evidence of criminal activity is on the premises, the temporary securing of a dwelling to prevent the removal or destruction of evidence" is reasonable. 468 U.S. at 809, 104 S.Ct. 3380. *See also United States v. Doubet*, 969 F.2d 341, 343, 344–45 (7th Cir.1992) (preserving status quo for 6 hours reasonable). Similarly, we here hold that preserving the room in these cir-

* This same provision is unchanged in the 1998 edition of the Manual for Courts–Martial.

cumstances did not violate the Fourth Amendment.

■ *Warranted Search.* After holding the room in status quo, 1LT Murrill and the MP returned and proceeded to search based on the commander's authorization. Mil.R.Evid. 315 permits a commander to authorize the search of a place or person subject to his or her control.

Neither the military judge nor the court below found that the first two entries into appellant's room violated appellant's reasonable expectation of privacy. In fact, the initial entry by SSG Miller was based on probable cause. The second entry was to verify the smell of marijuana and did not violate appellant's expectation of privacy because there was independent information justifying the search of the room.

Further, we are satisfied that 1LT Murrill did not lose his neutrality upon this entry. When an individual is double-checking on probable cause, this is not the type of foul motivation, *see, e.g., United States v. Ezell,* 6 MJ 307 (CMA 1979), or vindictiveness, *see United States v. Staggs,* 23 USCMA 111, 113, 48 CMR 672, 674 (1974), that would disqualify an officer. *See also Lopez,* 35 MJ at 41. 1LT Murrill's reentering the room to corroborate the information he received from SSG Miller was reasonable, indeed prudent.

This last entry into the room by 1LT Murrill was authorized by CPT Johnson. We agree with the Court of Criminal Appeals that CPT Johnson could resume his command at his discretion. Unless required by regulation, there is no need for written revocation of the appointment of the acting commander, and no regulation has been presented so requiring. CPT Johnson's authorization was based upon the observations of SSG Miller, the MP, and 1LT Murrill. All of them had smelled marijuana in appellant's room, and CPT Johnson subsequently authorized a search of that room for marijuana. 45 MJ at 548. We hold that this was a lawful search.

## SPECIFIED ISSUE

■ Mil.R.Evid. 304(g) requires that a confession may not be admitted in evidence without corroboration. What constitutes adequate corroboration? That Rule provides:

(1) *Quantum of evidence needed.* The independent evidence necessary to establish corroboration need not be sufficient of itself to establish beyond a reasonable doubt the truth of facts stated in the admission or confession. The independent evidence need raise only an inference of the truth of the essential facts admitted. The amount and type of evidence introduced as corroboration is a factor to be considered by the trier of fact in determining the weight, if any, to be given to the admission or confession.

(2) *Procedure.* The military judge alone shall determine when adequate evidence of corroboration has been received. Corroborating evidence usually is to be introduced before the admission or confession is introduced but the military judge may admit evidence subject to later corroboration.

The rationale behind Mil.R.Evid. 304(g) is to ensure that the confession is true. As this Court stated in *United States v. Maio,* 34 MJ 215, 218 (CMA 1992), the "bottom line is that the corroborating evidence must raise only an inference of truth...."

In *United States v. Duvall,* 47 MJ 189 (1997), this Court held that the issue of whether there has been adequate corroboration must be determined by the court members. Unlike the issue sub judice, the issue in *Duvall* was not the sufficiency of the evidence as to corroboration.

Appellant argues that the judge only considered the evidence heard during the suppression-motion hearing. He notes that this is not equivalent to introducing evidence on the merits. Final Brief at 17. However, both the defense and the prosecutor, as well as the judge (R. 246), without objection, considered the evidence on the motion as well as the evidence introduced on the merits. As noted by the Government, Private Jonathan Gadow, appellant's friend, testified that appellant had used marijuana two or three times between June 6 and July 29, 1994.

Additionally, the Government had introduced additional evidence that appellant test-

ed positive in October 1994 for marijuana, thus independently showing a continuous course of conduct between at least June and October 1994, with numerous incidents of possession and use. His confessed use in March 1994 occurred only 3 months prior to this shown pattern. This is unlike *United States v. Holmes,* 39 MJ 176 (1994), where this Court held that an 18–year–old marijuana use was inadmissible against appellant. Likewise, it is unlike *United States v. Walker,* 42 MJ 67 (1995), where a unanimous Court held that a sinus condition in 1989 was not relevant to show cocaine use in 1991. There is not even an allegation in this case that the confession is untrue or that an affirmative defense applied. Thus, based on the evidence, we hold that there is adequate corroboration.

The decision of the United States Army Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring in part and in the result):

I write separately to address the majority's views with respect to corroboration of appellant's confession and the search of appellant's barracks room.

The specified issue, which concerns corroboration of appellant's confession, presents three questions. First, was there adequate corroborating evidence to support the admission of appellant's confession? Second, was it error for the judge to enter a finding of guilty where the Government failed to introduce the corroborating evidence during its case-in-chief? Third, if there was such an error, did it materially prejudice the substantial rights of appellant?

In *United States v. Duvall, supra,* we held that corroborating evidence considered in determining the admissibility of a confession must be admitted on the merits so that the members may consider the corroborating evidence in deciding what weight to give the confession. 47 MJ 189, 192 (1997). In the present case, the government introduced corroborating evidence during proceedings on a defense motion to suppress the confession, but did not offer the same evidence during trial on the merits. Such an omission, in the

absence of any other corroborating evidence introduced on the merits, would constitute error under Mil.R.Evid. 304(g), Manual for Courts–Martial, United States, 1984 (1998 ed.). *See United States v. Duvall, supra. Duvall,* however, involved a trial before a court-martial panel, in which the members had been deprived of the opportunity to weigh the corroborating evidence in determining the weight, if any, to be given to the confession. *See* 47 MJ at 192. Because the present case was a judge-alone trial, the same person—the military judge—heard the evidence on the motion and was responsible for deciding the issue of guilt or innocence on the merits. As a result, the judge heard all of the corroborating evidence during the hearing on the suppression motion. When rendering the guilty verdict at the conclusion of the merits portion of the trial, the judge incorporated by reference the evidence received during the hearing on the suppression motion. Under these circumstances, I conclude that any error was harmless beyond a reasonable doubt.

With respect to the granted issues concerning the search of appellant's barracks room, I do not agree that this case requires us to reach or approve the practice of "external impoundment." Under the facts of this case, there was no external impoundment of the premises. External impoundment involves securing unoccupied premises by preventing anyone from entering and destroying or removing evidence, usually while waiting for authorization to search. *See, e.g., Segura v. United States,* 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) (police secured premises and prevented persons from entering after taking occupants into custody and removing them from premises). In this case, the occupants remained in the room while military police prevented them from leaving; this was a lawful detention pursuant to probable cause.

As I agree that the initial entry into appellant's room was based on probable cause and that 1LT Murrill did not lose his neutrality

because of the entry, and additionally that the last entry into the room was authorized by CPT Johnson, I concur in the result reached by the majority on Issue V.